1
2
3
4

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| **JENNIFER EGLI,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | (Washington Consumer Protection Act, RCW 19.86.010 et seq., Fraud, Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.) |
| **SOFI LENDING CORP.,** a foreign corporation, **CITIBANK, N.A.,** a foreign national association, and **NELNET SERVICING, LLC,** a foreign limited liability company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## JURISDICTION AND THE PARTIES

1.

This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

2.

Venue is proper in the Western District of Washington, Tacoma Division, pursuant to 28 U.S.C. § 1391(c)(1) in that Plaintiff Jennifer Egli resides in Camas, Washington, and each of the Defendants do sufficient business in this District to subject them to personal jurisdiction herein pursuant to 28 U.S.C. § 1391(b)(2). Venue is also proper because a substantial part of the events giving rise to the claims occurred in this District. 28 U.S.C. § 1391(b)(2).

Page 1      COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

3.

Defendant Sofi Lending Corp. ("Sofi") is a foreign corporation doing business in the State of Washington.

4.

Defendant Citibank, N.A. ("Citibank") is a national association bank doing business in the State of Washington.

5.

Defendant Nelnet Servicing, LLC ("Nelnet") is a foreign limited liability company doing business in the State of Washington.

## FACTUAL ALLEGATIONS

6.

In 2016, Ms. Egli had a student loan with Citibank. In 2016, she agreed to refinance the old loan with a new loan from Sofi. Citibank sent Ms. Egli a letter dated December 5, 2016, stating that her loan was paid in full, and stopped receiving payments on the old loan. Sofi represented to Ms. Egli that it had paid off the balance of her loan to Citibank, and began receiving payments for the new loan. Sofi sent a check for $24,598.80 to Citibank. Citibank deposited the check and funds cleared Sofi's account. Unbeknownst to Ms. Egli, funds were not applied to the old Citibank loan, they were not passed along to Nelnet, and funds were returned by Citibank to Sofi. Neither Citibank nor Sofi disclosed to Ms. Egli that funds had been returned or misapplied.

7.

In or about September of 2018, Ms. Egli began receiving correspondence from Firstmark Servicing, a division of Nelnet, stating that it was now servicing the old Citibank loan, and demanding payment for the same. Ms. Egli did not understand why she was receiving invoices and

Page 2      COMPLAINT

correspondence for the old Citibank loan. Ms. Egli received emails, letters, and at least 56 telephone calls and two text messages to her personal cell phone, even though she had paid the old Citibank loan in full, and therefore had no ongoing relationship with Citibank or Nelnet.

8.

Ms. Egli contacted Sofi, Citibank and Nelnet to try to determine what was happening with her student loan. Sofi did not disclose that funds had been returned or misapplied in 2016, and continued to receive payment from Ms. Egli for the new loan. Citibank did not disclose that funds had been returned or misapplied in 2016. Nelnet continued to insist that it was entitled to receive payment from Ms. Egli on the old loan.

9.

Ms. Egli hired a lawyer to assist her in understanding what was happening with her student loan. The lawyer wrote a letter dated November 16, 2018, addressed to Sofi, Citibank and Nelnet on behalf of Ms. Egli, seeking a resolution to the conflict. The lawyer instructed Sofi, Citibank and Nelnet: "Should you have any questions, please give me a call."

10.

In spite of the lawyer's instruction that calls be directed to him, Nelnet nevertheless continued to call and write Ms. Egli directly. Nelnet placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone, even after Ms. Egli's lawyer sent the November 16, 2018 letter.

11.

Ms. Egli's lawyer sent another letter to Nelnet dated December 11, 2018, again instructing Nelnet to cease and desist further contact with Ms. Egli, and directing it to communicate with him. Nelnet acknowledged receipt of the second letter in a letter dated December 13, 2018. In spite of this, Nelnet continued calling Ms. Egli directly. Nelnet placed at least 43 calls and one text message to Ms.

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

1   Egli's personal cell phone after acknowledging the December 11, 2018, cease and desist letter.

2                                      12.

3      Ms. Egli's lawyer also requested that Sofi provide proof of the payment to Citibank. Sofi

4   produced a copy of the front and back of the check to Ms. Egli's lawyer, as well as an excerpt from a

5   ledger showing that funds had been withdrawn from Sofi's account. Sofi did not disclose to Ms. Egli's

6   lawyer at that time that any funds had been returned by Citibank to Sofi. Sofi continued to withdraw

7   monthly payments from Ms. Egli's bank account.

8                                      13.

9      Ms. Egli's lawyer sent another letter to Nelnet dated January 9, 2019, again instructing Nelnet

10  to cease and desist further contact with Ms. Egli. In spite of this, Nelnet continued calling Ms. Egli

11  directly on her cell phone. Nelnet placed at least 20 calls and one text message to Ms. Egli's personal

12  cell phone after Ms. Egli's lawyer sent his January 9, 2019, cease and desist letter.

13                                     14.

14     On January 29, 2019, Nelnet called Ms. Egli on her personal cell phone. She asked Nelnet to

15  cease and desist calling her. Nelnet did not cease and desist. Nelnet called Ms. Egli's personal cell

16  phone at least 7 more times after January 29, 2019.

17                                     15.

18     Ms. Egli learned that the old Citibank loan was being reported as a delinquent account to the

19  national credit reporting agencies. Ms. Egli has otherwise excellent credit. In 2018 and 2019, credit

20  reports containing the negative Citibank account information were transmitted to Ms. Egli's creditors.

21  As a result, Ms. Egli was not approved for an auto loan on the most favorable terms available, and

22  she was denied a credit card by her credit union.

Page 4      COMPLAINT

16.

Citibank sent a letter dated January 31, 2019 to Ms. Egli's lawyer stating that funds had been returned or misapplied to Sofi. Ms. Egli's lawyer communicated Citibank's contention to Sofi on February 14, 2019. On or about March 7, 2019, Sofi responded to Ms. Egli's lawyer and admitted for the first time that funds had been returned by Citibank to Sofi.

17.

Nelnet continued to send communications directly to Ms. Egli, including an email on February 13, 2019, threatening her that "The consequences of default are severe," threatening to refer her to a collection agency, threatening to report her loan as a default to the consumer reporting agencies "which will have a negative impact on your future credit applications," and threatening that "Legal actions may be pursued."

18.

Even after Sofi acknowledged that funds had been returned by Citibank, Sofi continued to withdraw money from Ms. Egli's bank account.

**CLAIMS FOR RELIEF**

**Claim One against Sofi Lending Corp.**

**Washington Consumer Protection Act**

19.

Ms. Egli re-alleges and incorporates paragraphs 1 though 18.

20.

Sofi engaged in unfair or deceptive acts or practices occurring in trade or commerce, in violation of RCW 19.86.090.

Page 5        COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

21.

Sofi's unfair or deceptive acts and practices impact the public interest because (1) Sofi by its unfair or deceptive acts or practices in the conduct of trade or commerce induced Ms. Egli to act or refrain from acting; (2) Ms. Egli suffered damage brought about by such action or failure to act; and (3) Sofi's deceptive acts or practices have the potential for repetition.

22.

Sofi's unfair or deceptive acts and practices caused injury to Ms. Egli in her business or property, including but not limited to out-of-pocket damages of at least $24,598.80, and general damages including but not limited to harm to her reputation, inconvenience, and loss of time, in an amount to be determined by the jury. Ms. Egli's damages are continuing and subject to amendment at trial.

23.

Ms. Egli is entitled to recover her actual damages, treble damages, and reasonable attorney fees pursuant to RCW 19.86.090.

**Claim Two against Sofi Lending Corp**

**Fraud**

24.

Ms. Egli re-alleges and incorporates paragraphs 1 though 18.

25.

Sofi made a representation of an existing fact that it had paid off Ms. Egli's old loan with Citibank. Sofi further failed to disclose that funds had been returned by Citibank. Sofi had a duty to speak because it knew that funds had been returned, rendering its prior representations false. Sofi reiterated the representation to Ms. Egli and her attorney that it had paid off Ms. Egli's old loan and

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

1  again failed to disclose that funds had been returned by Citibank.

2                                   26.

3       The representations were material in that they induced Ms. Egli to make payments to Sofi and

4  withhold payments from Citibank and Nelnet. The representations were false. Sofi knew that its

5  representations were false. Sofi intended that Ms. Egli act upon its representations. Mr. Egli did not

6  know the representations were false. Ms. Egli relied upon the truth of Sofi's representations. Ms. Egli

7  had a right to rely upon Sofi's misrepresentations.

8                                   27.

9       Ms. Egli suffered and continues to suffer damages, including but not limited to out-of-pocket

10  damages of at least $24,598.80, and general damages including but not limited to harm to her

11  reputation, inconvenience, loss of time, invasion of privacy, denial of credit, lost credit opportunity,

12  worry, fear, embarrassment, humiliation, frustration, impairment to normal enjoyment of life, and

13  emotional distress, in an amount to be determined by the jury. Ms. Egli's damages are continuing and

14  subject to amendment at trial.

15  **Claim Three against Citibank, N.A.**

16  **Washington Consumer Protection Act**

17                                  28.

18       Ms. Egli re-alleges and incorporates paragraphs 1 though 18.

19                                  29.

20       Citibank engaged in unfair or deceptive acts or practices occurring in trade or commerce, in

21  violation of RCW 19.86.090.

22                                  30.

23       Citibank's unfair or deceptive acts and practices impact the public interest because (1)

Page 7      COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

Citibank by its unfair or deceptive acts or practices in the conduct of trade or commerce induced Ms. Egli to act or refrain from acting; (2) Ms. Egli suffered damage brought about by such action or failure to act; and (3) Citibank's deceptive acts or practices have the potential for repetition.

31.

Citibank's unfair or deceptive acts and practices caused injury to Ms. Egli in her business or property, including but not limited to out-of-pocket damages of at least $24,598.80, and general damages including but not limited to harm to her reputation, inconvenience, and loss of time, in an amount to be determined by the jury. Ms. Egli's damages are continuing and subject to amendment at trial.

32.

Ms. Egli is entitled to recover her actual damages, treble damages, and reasonable attorney fees pursuant to RCW 19.86.090.

**Claim Four against Citibank, N.A.**

**Fraud**

33.

Ms. Egli re-alleges and incorporates paragraphs 1 though 18.

34.

Citibank made a representation of an existing fact Ms. Egli's old loan was paid in full. Citibank failed to disclose that it had not applied funds to the loan or that funds had been returned or misapplied to Sofi. Citibank had a duty to speak because it knew that funds had been returned or misapplied, rendering its prior representations false. Because Citibank and Nelnet did not communicate with Ms. Egli regarding the loan for nearly two years after funds were returned or misapplied to Sofi, Ms. Egli was confused by the request for payment in 2018 by a company she did not have any prior dealings

Page 8      COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

with, for a loan that Citibank had represented was paid in full in 2016.

35.

The representations were material in that they induced Ms. Egli to make payments to Sofi and withhold payments from Nelnet. The representations were false. Citibank knew that its representations were rendered false. Citibank intended that Ms. Egli act upon its representations. Mr. Egli did not know the representations were false. Ms. Egli relied upon the truth of Citibank's representations. Ms. Egli had a right to rely upon Citibank's misrepresentations.

36.

Ms. Egli suffered and continues to suffer damages, including but not limited to out-of-pocket damages of at least $24,598.80, and general damages including but not limited to harm to her reputation, inconvenience, loss of time, invasion of privacy, denial of credit, lost credit opportunity, worry, fear, embarrassment, humiliation, frustration, impairment to normal enjoyment of life, and emotional distress, in an amount to be determined by the jury. Ms. Egli's damages are continuing and subject to amendment at trial.

**Claim Five against Nelnet Servicing, LLC**

**Telephone Consumer Protection Act**

37.

Ms. Egli re-alleges and incorporates paragraphs 1 though 18.

38.

On information and belief, Ms. Egli alleges that Nelnet used an automatic telephone dialing system to place each of the calls and text messages to Ms. Egli's personal cell phone.

39.

Nelnet placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone. Ms. Egli

Page 9    COMPLAINT

Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)

had paid the old Citibank loan in full, and therefore had no ongoing relationship with Citibank or Nelnet.

40.

Ms. Egli's lawyer sent a letter dated November 16, 2018, addressed to Nelnet on behalf of Ms. Egli, which read in pertinent part: "Should you have any questions, please give me a call." net placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone after the date of the letter.

41.

Ms. Egli's lawyer sent another letter to Nelnet dated December 11, 2018, again instructing Nelnet to cease and desist further contact with Ms. Egli, and directing it to communicate with him. Nelnet acknowledged receipt of the second letter in a letter dated December 13, 2018. In spite of this, Nelnet continued calling Ms. Egli directly. N Nelnet placed at least 43 calls and one text message to Ms. Egli's personal cell phone after acknowledging the December 11, 2018, cease and desist letter.

42.

Ms. Egli's lawyer sent another letter to Nelnet dated January 9, 2019, again instructing Nelnet to cease and desist further contact with Ms. Egli. In spite of this, Nelnet continued calling Ms. Egli directly on her cell phone. lnet placed at least 20 calls and one text message to Ms. Egli's personal cell phone after Ms. Egli sent his January 9, 2019, cease and desist letter.

43.

On January 29, 2019, Nelnet called Ms. Egli on her personal cell phone. She asked Nelnet to cease and desist calling her. Nelnet did not cease and desist. Nelnet called Ms. Egli's personal cell phone at least 7 more times after January 29, 2019.

44.

Nelnet did not have prior express consent to contact Ms. Egli because she had paid her old

Page 10     COMPLAINT

Citibank loan in full and therefore had no continuing relationship with Citibank or Nelnet. Further, Ms. Egli's lawyer revoked any alleged consent in writing on November 16, 2018, December 11, 2018, and January 9, 2019, and Ms. Egli revoked consent verbally on January 29, 2019.

45.

Each of Nelnet's calls and the text message to Ms. Egli as described above constituted a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii), causing Ms. Egli actual injury in the form of severe ongoing frustration and annoyance and wasted time, and Ms. Egli is entitled to recover $500 per call for a total of $29,000, pursuant to 47 U.S.C. § 227(b)(3)(B).

46.

Each of Nelnet's calls and the text message to Ms. Egli as described above constituted a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii), and Ms. Egli is entitled to recover $500 per call for a total of $87,000, pursuant to 47 U.S.C. § 227(b)(3)(C).

**JURY TRIAL DEMAND**

Ms. Egli is entitled to and so respectfully demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Egli prays for a judgment as follows:

1. On Plaintiff's First Claim for Relief against Defendant Sofi Lending Corp.:

   A. Actual damages;

   B. Treble damages;

   C. Attorney fees and costs;

2. On Plaintiff's Second Claim for Relief against Defendant Sofi Lending Corp.:

   A. Damages;

   B. Costs;

Page 11    COMPLAINT

1    3. On Plaintiff's Third Claim for Relief against Defendant Citibank, N.A.:

2              A. Actual damages;

3              B. Treble damages;

4              C. Attorney fees and costs;

5    4. On Plaintiff's Fourth Claim for Relief against Defendant Citibank, N.A.:

6              A. Damages;

7              B. Costs;

8    5. On Plaintiff's Fifth Claim for Relief against Defendant:

9              A. Statutory damages;

10             B. Treble damages.

11

12   DATED this 16th day of March, 2019.

13                        **RESPECTFULLY SUBMITTED,**

14                        s/ Justin Baxter
                          **Justin Baxter, WSBA ID 39182**
15                        justin@baxterlaw.com
                          **Kirsten N. Baxter, WSBA ID 43929**
16                        kirsten@baxterlaw.com
                          Baxter & Baxter LLP
17                        8835 SW Canyon Ln Ste 130
                          Portland, Oregon 97225
18                        Phone (503) 297-9031

19
                          **Michael Fuller, Subject to Admission Pro Hac Vice**
20                        michael@underdoglawyer.com
                          OlsenDaines
21                        111 SW 5th Ave., Suite 3150
                          Portland, Oregon 97204
22                        Direct 503-222-2000

23                        Attorneys for Plaintiff Jennifer Egli

24

25

26   Page 12    COMPLAINT

**Baxter & Baxter, LLP**
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031 (Telephone)
(503) 291-9031 (Facsimile)