Hon. Benjamin H. Settle

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9 | JENNIFER EGLI,

Case No. 3:19-cv-05197-BHS

10

Plaintiff,

**NELNET SERVICING, LLC'S ANSWER
TO COMPLAINT**

11

v.

12 | SOFI LENDING CORP., a foreign
corporation, CITIBANK, N.A., a foreign
13 | national association, and NELNET
SERVICING, LLC, a foreign limited
14 | liability company,

15

Defendant.

16

17

18

**JURISDICTION AND THE PARTIES**

19

**1.**

20

This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

21

**RESPONSE TO PARAGRAPH 1:**

22

The allegations in Paragraph 1 are legal conclusions to which no response is required. To

23 the extent the allegations are construed to require a response and directed towards Nelnet, Nelnet

24 does not dispute that 28 U.S.C. § 1331 confers jurisdiction for the claim against Nelnet under the

25 Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Nelnet lacks sufficient

26 information to admit or deny the allegations in Paragraph 1 of the Complaint as they relate to

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-1-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1  other parties and, therefore, denies them.

2  **2.**

3      Venue is proper in the Western District of Washington, Tacoma Division, pursuant to 28

4  U.S.C. § 1391(c)(1) in that Plaintiff Jennifer Egli resides in Camas, Washington, and each of the

5  Defendants do sufficient business in this District to subject them to personal jurisdiction herein

6  pursuant to 28 U.S.C. § 1391(b)(2).  Venue is also proper because a substantial part of the events

7  giving rise to the claims occurred in this District.  28 U.S.C. § 139I (b)(2).

8  **RESPONSE TO PARAGRAPH 2:**

9      The allegations in Paragraph 2 are legal conclusions to which no response is required. To

10  the extent the allegations are construed to require a response and directed towards Nelnet, Nelnet

11  is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint

12  concerning where Plaintiff resides and, therefore, denies them. Nelnet admits that it services

13  student loans of borrowers residing in the Western District of Washington. Nelnet lacks sufficient

14  information to admit or deny the remaining allegations in Paragraph 2 and, therefore, denies

15  them.

16  **3.**

17      Defendant Sofi Lending Corp. ("Sofi") is a foreign corporation doing business in the State

18  of Washington.

19  **RESPONSE TO PARAGRAPH 3:**

20      The allegations in Paragraph 3 of the Complaint are not particularly directed to Nelnet.

21  Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 3 of the

22  Complaint as they relate to other parties and, therefore, denies them.

23  **4.**

24      Defendant Citibank, N.A. ("Citibank") is a national association bank doing business in the

25  State of Washington.

26

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-2-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

**RESPONSE TO PARAGRAPH 4**

The allegations in Paragraph 4 of the Complaint are not particularly directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint as they relate to other parties and, therefore, denies them.

**5.**

Defendant Nelnet Servicing, LLC ("Nelnet") is a foreign limited liability company doing business in the State of Washington.

**RESPONSE TO PARAGRAPH 5:**

Nelnet admits that it is a Nebraska limited liability company and that it does business in the State of Washington.

**FACTUAL ALLEGATIONS**

**6.**

In 2016, Ms. Egli had a student loan with Citibank.  In 2016, she agreed to refinance the old loan with a new loan from Sofi.  Citibank sent Ms. Egli a letter dated December 5, 2016, stating that her loan was paid in full, and stopped receiving payments on the old loan.  Sofi represented to Ms. Egli that it had paid off the balance of her loan to Citibank, and began receiving payments for the new loan.  Sofi sent a check for $24,598.80 to Citibank.  Citibank deposited the check and funds cleared Sofi's account.  Unbeknownst to Ms. Egli, funds were not applied to the old Citibank loan, they were not passed along to Nelnet, and funds were returned by Citibank to Sofi.  Neither Citibank nor Sofi disclosed to Ms. Egli that funds had been returned or misapplied.

**RESPONSE TO PARAGRAPH 6:**

The allegations in Paragraph 6 of the Complaint are not particularly directed to Nelnet. Nelnet, however, admits that Plaintiff has a student loan with Citibank. Nelnet admits that, in November 2018, it received from Plaintiff a letter purportedly from Citibank dated December 5, 2016, stating that Plaintiff's loan was paid in full. Nelnet also admits, on information and belief,

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-3-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1  that Citibank returned to Sofi the payment amount it received from Sofi for plaintiff's loan.

2  Nelnet also admits that it did not receive any payments from Sofi for Plaintiff's loan. Nelnet lacks

3  sufficient information to admit or deny the remaining allegations in Paragraph 6 of the Complaint

4  as they relate to other parties and, therefore, denies them.

5  **7.**

6  In or about September of 2018, Ms. Egli began receiving correspondence from Firstmark

7  Servicing, a division of Nelnet, stating that it was now servicing the old Citibank loan, and

8  demanding payment for the same.  Ms. Egli did not understand why she was receiving invoices

9  and correspondence for the old Citibank loan.  Ms. Egli received emails, letters, and at least 56

10  telephone calls and two text messages to her personal cell phone, even though she had paid the

11  old Citibank loan in full, and therefore had no ongoing relationship with Citibank or Nelnet.

12  **RESPONSE TO PARAGRAPH 7:**

13  Nelnet admits that it sent correspondence to Plaintiff, including letters and emails, at

14  various times in 2018, including in September 2018, concerning payments and other servicing-

15  related issues for her Citibank student loan serviced by Nelnet. Nelnet admits that Firstmark

16  Servicing is a division of Nelnet. Nelnet lacks sufficient information to admit or deny the

17  allegations in Paragraph 7 of the Complaint as they relate to Plaintiff's understanding as to why

18  she received correspondence from Nelnet and, therefore, denies them. Nelnet admits that, in an

19  effort to service Plaintiff's student loan, it placed one text message and at least 56 telephone calls

20  to a telephone number ending in -0203, which Nelnet believed belonged to Plaintiff. Nelnet lacks

21  sufficient information to admit or deny the remaining allegations in Paragraph 7 and, therefore,

22  denies them.

23  **8.**

24  Ms. Egli contacted Sofi, Citibank and Nelnet to try to determine what was happening with

25  her student loan.  Sofi did not disclose that funds had been returned or misapplied in 2016, and

26  continued to receive payment from Ms. Egli for the new loan.  Citibank did not disclose that

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-4-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

funds had been returned or misapplied in 2016.  Nelnet continued to insist that it was entitled to receive payment from Ms. Egli on the old loan.

**RESPONSE TO PARAGRAPH 8:**

The allegations in Paragraph 8 of the Complaint are not particularly directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint as they relate to other parties and, therefore, denies them. To the extent the allegations are directed towards Nelnet, Nelnet admits that it continued to service Plaintiff's student loan and that, beginning in 2018, it attempted to collect payments on the loan based on its good-faith belief that the loan was still owed to Citibank and there were payment amounts outstanding, which Nelnet as Citibank's loan servicer was required to collect. Nelnet denies the remaining allegations in Paragraph 8 of the Complaint.

**9.**

Ms. Egli hired a lawyer to assist her in understanding what was happening with her student loan.  The lawyer wrote a letter dated November 16, 2018, addressed to Sofi, Citibank and Nelnet on behalf of Ms. Egli, seeking a resolution to the conflict.  The lawyer instructed Sofi, Citibank and Nelnet:  "Should you have any questions, please give me a call."

**RESPONSE TO PARAGRAPH 9:**

Nelnet admits it received a letter from Plaintiff's lawyer dated November 16, 2018, seeking to resolve alleged issues regarding her student loan. Nelnet also admits that the letter it received stated in part: "Should you have any questions, please give me a call." Nelnet lacks sufficient information to admit or deny the remaining allegations in Paragraph 9 and, therefore, denies them.

**10.**

In spite of the lawyer's instruction that calls be directed to him, Nelnet nevertheless continued to call and write Ms. Egli directly.  Nelnet placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone, even after Ms. Egli's lawyer sent the November 16, 2018 letter.

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

**RESPONSE TO PARAGRAPH 10:**

Nelnet admits that it continued to call and write Plaintiff directly after receiving the November 16, 2018 letter. Nelnet denies the remaining allegations in Paragraph 10 of the Complaint.

**11.**

Ms. Egli's lawyer sent another letter to Nelnet dated December 11, 2018, again instructing Nelnet to cease and desist further contact with Ms. Egli, and directing it to communicate with him.  Nelnet acknowledged receipt of the second letter in a letter dated December 13, 2018.  In spite of this, Nelnet continued calling Ms. Egli directly.  Nelnet placed at least 43 calls and one text message to Ms. Egli's personal cell phone after acknowledging the December 11, 2018, cease and desist letter.

**RESPONSE TO PARAGRAPH 11:**

Nelnet denies that the November 16, 2018 letter instructed Nelnet to cease and desist from further contact with Plaintiff. Nelnet admits that it placed calls to the telephone number ending in -0203 after December 13, 2018, but Nelnet denies it placed at least 43 calls or any text messages to the number after that date. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint concerning the nature of the telephone number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them. Nelnet admits the remaining allegations in Paragraph 11 of the Complaint.

**12.**

Ms. Egli's lawyer also requested that Sofi provide proof of the payment to Citibank.  Sofi produced a copy of the front and back of the check to Ms. Egli's lawyer, as well as an excerpt from a ledger showing that funds had been withdrawn from Sofi's account.  Sofi did not disclose to Ms. Egli's lawyer at that time that any funds had been returned by Citibank to Sofi.  Sofi continued to withdraw monthly payments from Ms. Egli's bank account.

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-6-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

**RESPONSE TO PARAGRAPH 12:**

The allegations in Paragraph 12 of the Complaint are not particularly directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint as they relate to other parties and, therefore, denies them.

**13.**

Ms. Egli's lawyer sent another letter to Nelnet dated January 9, 2019, again instructing Nelnet to cease and desist further contact with Ms. Egli.  In spite of this, Nelnet continued calling Ms. Egli directly on her cell phone.  Nelnet placed at least 20 calls and one text message to Ms. Egli's personal cell phone after Ms. Egli's lawyer sent his January 9, 2019, cease and desist letter.

**RESPONSE TO PARAGRAPH 13:**

Nelnet admits that it received from Plaintiff's lawyer a letter dated January 9, 2019, requesting that Nelnet cease any efforts to collect on Plaintiff's loan. Nelnet admits that it placed calls to the telephone number ending in -0203 after January 9, 2019, but denies it placed at least 20 calls or any text messages after January 9, 2019. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Complaint concerning the nature of the telephone number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them. Nelnet denies the remaining allegations in Paragraph 13 of the Complaint.

**14.**

On January 29, 2019, Nelnet called Ms. Egli on her personal cell phone.  She asked Nelnet to cease and desist calling her.  Nelnet did not cease and desist.  Nelnet called Ms. Egli's personal cell phone at least 7 more times after January 29, 2019.

**RESPONSE TO PARAGRAPH 14:**

Nelnet admits that it called the telephone number ending in -0203 on January 29, 2019, but denies that Plaintiff answered the call. Nelnet admits that it called the telephone number ending in -0203 seven times after January 29, 2019. Nelnet lacks sufficient information to admit

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

*Brownstein Hyatt Farber Schreck, LLP*
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1    or deny the allegations in Paragraph 14 of the Complaint concerning the nature of the telephone

2    number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them.

3    Nelnet denies the remaining allegations in Paragraph 14 of the Complaint.

4                                              **15.**

5            Ms. Egli learned that the old Citibank loan was being reported as a delinquent account to

6    the national credit reporting agencies.  Ms. Egli has otherwise excellent credit.  In 2018 and 2019,

7    credit reports containing the negative Citibank account information were transmitted to Ms. Egli's

8    creditors.  As a result, Ms. Egli was not approved for an auto loan on the most favorable terms

9    available, and she was denied a credit card by her credit union.

10                          **RESPONSE TO PARAGRAPH 15:**

11           The allegations in Paragraph 15 of the Complaint are vague and are not particularly

12   directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in

13   Paragraph 15 of the Complaint as they relate to other parties and, therefore, denies them.

14                                             **16.**

15           Citibank sent a letter dated January 31, 2019 to Ms. Egli's lawyer stating that funds had

16   been returned or misapplied to Sofi.  Ms. Egli's lawyer communicated Citibank's contention to

17   Sofi on February 14, 2019.  On or about March 7, 2019, Sofi responded to Ms. Egli's lawyer and

18   admitted for the first time that funds had been returned by Citibank to Sofi.

19                          **RESPONSE TO PARAGRAPH 16:**

20           The allegations in Paragraph 16 of the Complaint are not particularly directed to Nelnet.

21   Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 16 of the

22   Complaint as they relate to other parties and, therefore, denies them.

23                                             **17.**

24           Nelnet continued to send communications directly to Ms. Egli, including an email on

25   February 13, 2019, threatening her that "The consequences of default are severe," threatening to

26   refer her to a collection agency, threatening to report her loan as a default to the consumer

-8-

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1  reporting agencies "which will have a negative impact on your future credit applications," and

2  threatening that "Legal actions may be pursued."

3  **RESPONSE TO PARAGRAPH 17:**

4  Nelnet admits that it sent correspondence to Plaintiff concerning her student loan,

5  including letters and emails, at various times in 2019. Nelnet admits that it sent an email to

6  Plaintiff on or about February 13, 2019, that contained, in part, the language quoted in Paragraph

7  17 of the Complaint. Nelnet denies the remaining allegations in Paragraph 17 of the Complaint.

8  **18.**

9  Even after Sofi acknowledged that funds had been returned by Citibank, Sofi continued to

10  withdraw money from Ms. Egli's bank account.

11  **RESPONSE TO PARAGRAPH 18:**

12  The allegations in Paragraph 18 of the Complaint are not particularly directed to Nelnet.

13  Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 18 of the

14  Complaint as they relate to other parties and, therefore, denies them.

15  **CLAIMS FOR RELIEF**

16  **Claim One against Soli Lending Corp.**

17  **Washington Consumer Protection Act**

18  **19.**

19  Ms. Egli re-alleges and incorporates paragraphs 1 though [sic] 18.

20  **RESPONSE TO PARAGRAPH 19:**

21  Nelnet re-alleges and incorporates its prior responses set forth herein by reference.

22  **20.**

23  Sofi engaged in unfair or deceptive acts or practices occurring in trade or commerce, in

24  violation of RCW 19.86.090.

25  **RESPONSE TO PARAGRAPH 20:**

26  Paragraph 20 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1  information to admit or deny the allegations in Paragraph 20 of the Complaint as they relate to

2  other parties and, therefore, denies them.

3  **21.**

4  Sofi's unfair or deceptive acts and practices impact the public interest because (1) Sofi by

5  its unfair or deceptive acts or practices in the conduct of trade or commerce induced Ms. Egli to

6  act or refrain from acting; (2) Ms. Egli suffered damage brought about by such action or failure to

7  act; and (3) Sofi's deceptive acts or practices have the potential for repetition.

8  **RESPONSE TO PARAGRAPH 21:**

9  Paragraph 21 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

10  information to admit or deny the allegations in Paragraph 21 of the Complaint as they relate to

11  other parties and, therefore, denies them.

12  **22.**

13  Sofi's unfair or deceptive acts and practices caused injury to Ms. Egli in her business or

14  property, including but not limited to out-of-pocket damages of at least $24,598.80, and general

15  damages including but not limited to harm to her reputation, inconvenience, and loss of time, in

16  an amount to be determined by the jury.  Ms. Egli's damages are continuing and subject to

17  amendment at trial.

18  **RESPONSE TO PARAGRAPH 22:**

19  Paragraph 22 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

20  information to admit or deny the allegations in Paragraph 22 of the Complaint as they relate to

21  other parties and, therefore, denies them.

22  **23.**

23  Ms. Egli is entitled to recover her actual damages, treble damages, and reasonable

24  attorney fees pursuant to RCW 19.86.090.

25  **RESPONSE TO PARAGRAPH 23:**

26  Paragraph 23 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-10-

Hon. Benjamin H. Settle

information to admit or deny the allegations in Paragraph 23 of the Complaint as they relate to other parties and, therefore, denies them.

**Claim Two against Sofi Lending Corp**

**Fraud**

**24.**

Ms. Egli re-alleges and incorporates paragraphs 1 though 18 [sic].

**RESPONSE TO PARAGRAPH 24:**

Nelnet re-alleges and incorporates its prior responses set forth herein by reference.

**25.**

Sofi made a representation of an existing fact that it had paid off Ms. Egli's old loan with Citibank.  Sofi further failed to disclose that funds had been returned by Citibank.  Sofi had a duty to speak because it knew that funds had been returned, rendering its prior representations false.  Sofi reiterated the representation to Ms. Egli and her attorney that it had paid off Ms. Egli's old loan and again failed to disclose that funds had been returned by Citibank.

**RESPONSE TO PARAGRAPH 25:**

Paragraph 25 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint as they relate to other parties and, therefore, denies them.

**26.**

The representations were material in that they induced Ms. Egli to make payments to Sofi and withhold payments from Citibank and Nelnet.  The representations were false.  Sofi knew that its representations were false.  Sofi intended that Ms. Egli act upon its representations. Mr. Egli did not know the representations were false.  Ms. Egli relied upon the truth of Sofi's representations.  Ms. Egli had a right to rely upon Sofi's misrepresentations.

**RESPONSE TO PARAGRAPH 26:**

Paragraph 26 of the Complaint is not particularly directed to Nelnet. Nelnet lacks

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1  sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint as they
2  relate to other parties and, therefore, denies them.

3  **27.**

4  Ms. Egli suffered and continues to suffer damages, including but not limited to out-of-
5  pocket damages of at least $24,598.80, and general damages including but not limited to harm to
6  her reputation, inconvenience, loss of time, invasion of privacy, denial of credit, lost credit
7  opportunity, worry, fear, embarrassment, humiliation, frustration, impairment to normal
8  enjoyment of life, and emotional distress, in an amount to be determined by the jury.  Ms. Egli's
9  damages are continuing and subject to amendment at trial.

10  **RESPONSE TO PARAGRAPH 27:**

11  Paragraph 27 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient
12  information to admit or deny the allegations in Paragraph 27 of the Complaint as they relate to
13  other parties and, therefore, denies them.

14  **Claim Three against Citibank, N.A.**

15  **Washington Consumer Protection Act**

16  **28.**

17  Ms. Egli re-alleges and incorporates paragraphs 1 though 18 [sic].

18  **RESPONSE TO PARAGRAPH 28:**

19  Nelnet re-alleges and incorporates its prior responses set forth herein by reference.

20  **29.**

21  Citibank engaged in unfair or deceptive acts or practices occurring in trade or commerce,
22  in violation of RCW 19.86.090.

23  **RESPONSE TO PARAGRAPH 29:**

24  Paragraph 29 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient
25  information to admit or deny the allegations in Paragraph 29 of the Complaint as they relate to
26  other parties and, therefore, denies them.

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

**30.**

1

2       Citibank's unfair or deceptive acts and practices impact the public interest because (1)

3 Citibank by its unfair or deceptive acts or practices in the conduct of trade or commerce induced

4 Ms. Egli to act or refrain from acting; (2) Ms. Egli suffered damage brought about by such action

5 or failure to act; and (3) Citibank's deceptive acts or practices have the potential for repetition.

6                         **RESPONSE TO PARAGRAPH 30:**

7       Paragraph 30 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

8 information to admit or deny the allegations in Paragraph 30 of the Complaint as they relate to

9 other parties and, therefore, denies them.

**31.**

10

11       Citibank's unfair or deceptive acts and practices caused injury to Ms. Egli in her business

12 or property, including but not limited to out-of-pocket damages of at least $24,598.80, and

13 general damages including but not limited to harm to her reputation, inconvenience, and loss of

14 time, in an amount to be determined by the jury.  Ms. Egli's damages are continuing and subject

15 to amendment at trial.

16                         **RESPONSE TO PARAGRAPH 31:**

17       Paragraph 31 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

18 information to admit or deny the allegations in Paragraph 31 of the Complaint as they relate to

19 other parties and, therefore, denies them.

**32.**

20

21       Ms. Egli is entitled to recover her actual damages, treble damages, and reasonable

22 attorney fees pursuant to RCW 19.86.090.

23                         **RESPONSE TO PARAGRAPH 32:**

24       Paragraph 32 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient

25 information to admit or deny the allegations in Paragraph 32 of the Complaint as they relate to

26 other parties and, therefore, denies them.

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Claim Four against Citibank, N.A.**

**Fraud**

**33.**

Ms. Egli re-alleges and incorporates paragraphs 1 though 18 [sic].

**RESPONSE TO PARAGRAPH 33:**

Nelnet re-alleges and incorporates its prior responses set forth herein by reference.

**34.**

Citibank made a representation of an existing fact Ms. Egli's old loan was paid in full. Citibank failed to disclose that it had not applied funds to the loan or that funds had been returned or misapplied to Sofi.  Citibank had a duty to speak because it knew that funds had been returned or misapplied, rendering its prior representations false.   Because Citibank and Nelnet did not communicate with Ms. Egli regarding the loan for nearly two years after funds were returned or misapplied to Sofi, Ms. Egli was confused by the request for payment in 2018 by a company she did not have any prior dealings with, for a loan that Citibank had represented was paid in full in 2016.

**RESPONSE TO PARAGRAPH 34:**

Paragraph 34 of the Complaint is not particularly directed to Nelnet. To the extent the allegations relate to other parties, Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint and, therefore, denies them. Nelnet admits that it did not communicate with Plaintiff concerning her Citibank student loan in 2016 and 2017. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint concerning Plaintiff's understanding of Nelnet's communications with Plaintiff in 2018 and, therefore, denies them. Nelnet denies the remaining allegations in Paragraph 34 of the Complaint.

**35.**

The representations were material in that they induced Ms. Egli to make payments to Sofi and withhold payments from Nelnet.  The representations were false.  Citibank knew that its

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-14-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

representations were rendered false.  Citibank intended that Ms. Egli act upon its representations.  Mr. Egli did not know the representations were false.  Ms. Egli relied upon the truth of Citibank's representations.  Ms. Egli had a right to rely upon Citibank's misrepresentations.

**RESPONSE TO PARAGRAPH 35:**

Paragraph 35 of the Complaint is not particularly directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint as they relate to other parties and, therefore, denies them.

**36.**

Ms. Egli suffered and continues to suffer damages, including but not limited to out-of-pocket damages of at least $24,598.80, and general damages including but not limited to harm to her reputation, inconvenience, loss of time, invasion of privacy, denial of credit, lost credit opportunity, worry, fear, embarrassment, humiliation, frustration, impairment to normal enjoyment of life, and emotional distress, in an amount to be determined by the jury.  Ms. Egli's damages are continuing and subject to amendment at trial.

**RESPONSE TO PARAGRAPH 36:**

Paragraph 36 of the Complaint is not directed to Nelnet. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint as they relate to other parties and, therefore, denies them.

**Claim Five against Nelnet Servicing, LLC**

**Telephone Consumer Protection Act**

**37.**

Ms. Egli re-alleges and incorporates paragraphs 1 though 18 [sic].

**RESPONSE TO PARAGRAPH 37:**

Nelnet re-alleges and incorporates its prior responses set forth herein by reference.

**38.**

On information and belief, Ms. Egli alleges that Nelnet used an automatic telephone

Nelnet Servicing LLC's Response to Complaint
Case No.: 3:19-cv-05197-BHS

-15-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1   dialing system to place each of the calls and text messages to Ms. Egli's personal cell phone.

2   **RESPONSE TO PARAGRAPH 38:**

3   Nelnet admits that it placed calls and a text message to the telephone number ending in -

4   0203, but Nelnet denies that the calls and text were placed with an "automatic telephone dialing

5   system" as that term is defined under the TCPA, 47 U.S.C. § 227(a)(1). Nelnet lacks sufficient

6   information to admit or deny the remaining allegations in Paragraph 38 of the Complaint and,

7   therefore, denies them.

8   **39.**

9   Nelnet placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone.

10  Ms. Egli had paid the old Citibank loan in full, and therefore had no ongoing relationship with

11  Citibank or Nelnet.

12  **RESPONSE TO PARAGRAPH 39:**

13  Nelnet admits that it placed one text message and at least 56 calls to the telephone number

14  ending in -0203. Nelnet lacks sufficient information to admit or deny the remaining allegations in

15  Paragraph 39 of the Complaint and, therefore, denies them.

16  **40.**

17  Ms. Egli's lawyer sent a letter dated November 16, 2018, addressed to Nelnet on behalf of

18  Ms. Egli, which read in pertinent part: "Should you have any questions, please give me a call."

19  Yet placed at least 56 calls and 2 text messages to Ms. Egli's personal cell phone after the date of

20  the letter.

21  **RESPONSE TO PARAGRAPH 40:**

22  Nelnet admits it received a letter from Plaintiff's lawyer dated November 16, 2018, stating

23  in part: "Should you have any questions, please give me a call." Nelnet admits that it called and

24  texted the telephone number ending in -0203 after November 16, 2018. Nelnet lacks sufficient

25  information to admit or deny the allegations in Paragraph 40 of the Complaint concerning the

26  nature of the telephone number ending in -0203 and whether it in fact belonged to Plaintiff and,

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

therefore, denies them. Nelnet denies the remaining allegations in Paragraph 40 of the Complaint.

**41.**

Ms. Egli's lawyer sent another letter to Nelnet dated December 11, 2018, again instructing Nelnet to cease and desist further contact with Ms. Egli, and directing it to communicate with him. Nelnet acknowledged receipt of the second letter in a letter dated December 13, 2018. In spite of this, Nelnet continued calling Ms. Egli directly. Nelnet placed at least 43 calls and one text message to Ms. Egli's personal cell phone after acknowledging the December 11, 2018, cease and desist letter.

**RESPONSE TO PARAGRAPH 41:**

Nelnet denies that the November 16, 2018 letter instructed Nelnet to cease and desist from further contact with Plaintiff. Nelnet admits that it placed calls to the telephone number ending in -0203 after December 13, 2018, but Nelnet denies it placed at least 43 calls or any text messages to the number after that date. Nelnet lacks sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint concerning the nature of the telephone number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them. Nelnet admits the remaining allegations in Paragraph 41 of the Complaint.

**42.**

Ms. Egli's lawyer sent another letter to Nelnet dated January 9, 2019, again instructing Nelnet to cease and desist further contact with Ms. Egli. In spite of this, Nelnet continued calling Ms. Egli directly on her cell phone. Nelnet placed at least 20 calls and one text message to Ms. Egli's personal cell phone after Ms. Egli sent his January 9, 2019, cease and desist letter.

**RESPONSE TO PARAGRAPH 42:**

Nelnet admits that it received from Plaintiff's lawyer a letter dated January 9, 2019, requesting that Nelnet cease any efforts to collect on Plaintiff's loan. Nelnet admits that it placed calls to the telephone number ending in -0203 after January 9, 2019, but denies it placed at least 20 calls or any text messages after January 9, 2019. Nelnet lacks sufficient information to admit

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

*Brownstein Hyatt Farber Schreck, LLP*
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1   or deny the allegations in Paragraph 42 of the Complaint concerning the nature of the telephone

2   number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them.

3   Nelnet denies the remaining allegations in Paragraph 42 of the Complaint.

4                                                    **43.**

5          On January 29, 2019, Nelnet called Ms. Egli on her personal cell phone.  She asked

6   Nelnet to cease and desist calling her.  Nelnet did not cease and desist.  Nelnet called Ms. Egli's

7   personal cell phone at least 7 more times after January 29, 2019.

8                               **RESPONSE TO PARAGRAPH 43:**

9          Nelnet admits that it called the telephone number ending in -0203 on January 29, 2019,

10  but denies that Plaintiff answered the call. Nelnet admits that it called the telephone number

11  ending in -0203 seven times after January 29, 2019. Nelnet lacks sufficient information to admit

12  or deny the allegations in Paragraph 43 of the Complaint concerning the nature of the telephone

13  number ending in -0203 and whether it in fact belonged to Plaintiff and, therefore, denies them.

14  Nelnet denies the remaining allegations in Paragraph 43 of the Complaint.

15                                                   **44.**

16         Nelnet did not have prior express consent to contact Ms. Egli because she had paid her old

17  Citibank loan in full and therefore had no continuing relationship with Citibank or Nelnet.

18  Further, Ms. Egli's lawyer revoked any alleged consent in writing on November 16, 2018,

19  December 11, 2018, and January 9, 2019, and Ms. Egli revoked consent verbally on January 29,

20  2019.

21                              **RESPONSE TO PARAGRAPH 44:**

22         The allegations in Paragraph 44 of the Complaint are legal conclusions to which no

23  response is required and are also vague. To the extent the allegations are construed to require a

24  response, Nelnet denies it did not have prior express consent to contact Plaintiff concerning her

25  student loan and denies Plaintiff revoked prior express consent.

26

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

-18-

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

**45.**

Each of Nelnet's calls and the text message to Ms. Egli as described above constituted a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii), causing Ms. Egli actual injury in the form of severe ongoing frustration and annoyance and wasted time, and Ms. Egli is entitled to recover $500 per call for a total of $29,000, pursuant to 47 U.S.C. § 227(b)(3)(B).

**RESPONSE TO PARAGRAPH 45:**

The allegations in Paragraph 45 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Nelnet denies the allegations and denies Plaintiff is entitled to any relief against Nelnet.

**46.**

Each of Nelnet's calls and the text message to Ms. Egli as described above constituted a separate violation of 47 U.S.C. § 227(b)(1)(A)(iii), and Ms. Egli is entitled to recover $500 per call for a total of $87,000, pursuant to 47 U.S.C. § 227(b)(3)(C).

**RESPONSE TO PARAGRAPH 46:**

The allegations in Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent the allegations are construed to require a response, Nelnet denies the allegations and denies Plaintiff is entitled to any relief against Nelnet.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Egli prays for a judgment as follows:

1. On Plaintiffs First Claim for Relief against Defendant Sofi Lending Corp.:

   A. Actual damages;

   B. Treble damages;

   C. Attorney fees and costs;

2. On Plaintiffs Second Claim for Relief against Defendant Sofi Lending Corp.:

   A. Damages;

   B. Costs;

-19-

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1    3. On Plaintiff's Third Claim for Relief against Defendant Citibank, N.A.:

2        A. Actual damages;

3        B. Treble damages;

4        C. Attorney fees and costs;

5

6    4. On Plaintiffs Fourth Claim for Relief against Defendant Citibank, N.A.:

7        A. Damages;

8        B. Costs;

9

10   5. On Plaintiffs Fifth Claim for Relief against Defendant:

11       A. Statutory damages;

12       B. Treble damages.

13                    **RESPONSE TO PRAYERS FOR RELIEF:**

14       Nelnet states that the allegations set forth in the Prayers for Relief following Paragraph 46

15   of the Complaint are not averments to which responses are required. To the extent that responses

16   are required, Nelnet denies that Plaintiff is entitled to any of the relief requested against Nelnet.

17                         <u>**AFFIRMATIVE DEFENSES**</u>

18       Without admitting or implying that Nelnet bears the burden of proof as to any defense,

19   Nelnet asserts the following affirmative defenses:

20                       **FIRST AFFIRMATIVE DEFENSE**

21       Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no actual,

22   concrete injury, and has not sought to recover for any actual, concrete injury, and, therefore, has

23   no standing to bring the claims. *See Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540.

24                      **SECOND AFFIRMATIVE DEFENSE**

25       Plaintiff seeks damages, if any, for which Nelnet is not responsible and that may have

26   been caused by third parties. Through discovery in this action, Nelnet expects to obtain additional

Nelnet Servicing LLC's Response               -20-              **Brownstein Hyatt Farber Schreck, LLP**
to Complaint                                                        410 Seventeenth Street, Suite 2200
Case No.: 3:19-cv-05197-BHS                                              Denver, CO 80202
                                                                 303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1   evidence in support of this affirmative defense.

2                  **THIRD AFFIRMATIVE DEFENSE**

3       Plaintiff's damages and losses, if any, are the proximate result of intervening events.

4   Through discovery in this action, Nelnet expects to obtain additional evidence in support of this

5   affirmative defense.

6                  **FOURTH AFFIRMATIVE DEFENSE**

7       Plaintiff has failed to mitigate her damages, if any. Through discovery in this action,

8   Nelnet expects to obtain additional evidence in support of this affirmative defense.

9                  **FIFTH AFFIRMATIVE DEFENSE**

10      Plaintiff's claims are barred, in whole or in part, by equitable estoppel, unclean hands, and

11   laches. Through discovery in this action, Nelnet expects to obtain additional evidence in support

12   of this affirmative defense.

13                  **SIXTH AFFIRMATIVE DEFENSE**

14      Plaintiff's claims are barred, in whole or in part, by contractual provisions governing her

15   student loan at issue.

16                  **SEVENTH AFFIRMATIVE DEFENSE**

17      Damages sustained by Plaintiff, if any, were, at least in part, caused by the actions of

18   Plaintiff herself, and resulted from Plaintiff's own negligence, which equaled or exceeded any

19   alleged negligence or wrongdoing by Nelnet. Through discovery in this action, Nelnet expects to

20   obtain additional evidence in support of this affirmative defense.

21                  **EIGHTH AFFIRMATIVE DEFENSE**

22      Plaintiff's claim against Nelnet is barred because Nelnet did not call or text Plaintiff's

23   cellular phone using an "automatic telephone dialing system" as the term is defined under the

24   TCPA.

25                  **NINTH AFFIRMATIVE DEFENSE**

26      Plaintiff's claim against Nelnet is barred because Nelnet had "prior express consent" to

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell

Hon. Benjamin H. Settle

1   call Plaintiff's cellular phone using an "automatic telephone dialing system" as defined under the

2   TCPA.

3         Nelnet reserves the right to amend and/or supplement these affirmative and other defenses

4   as this matter proceeds.

5         WHEREFORE, having fully answered the Complaint, Nelnet respectfully requests that

6   Nelnet be dismissed with prejudice from Plaintiff's Complaint and that judgment be entered in

7   favor of Nelnet for its attorneys' fees and costs expended in defense hereof and for any other

8   relief that the Court deems proper.

9

10   Dated:  June 25, 2019.              BROWNSTEIN HYATT FARBER SCHRECK, LLP

11

12                                      */s/ Christopher O. Murray*
                                        Christopher O. Murray
13                                      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

Nelnet Servicing LLC's Response
to Complaint
Case No.: 3:19-cv-05197-BHS

**Brownstein Hyatt Farber Schreck, LLP**
410 Seventeenth Street, Suite 2200
Denver, CO 80202
303.223.1183 tel; 206.719.4604 cell